MCC OUTDOOR, LLC v. THE TOWN OF WAKE FOREST

[222 N.C. App. 70 (2012)]

_____

MCC OUTDOOR, LLC D/B/A FAIRWAY OUTDOOR ADVERTISING, PLAINTIFF V. THE TOWN OF WAKE FOREST, NORTH CAROLINA, DEFENDANT

No. COA11-1279

(Filed 7 August 2012)

**Zoning—special use permit condition—billboard—lease agreement—taking—§ 1983 damages—summary judgment improper**

The trial court erred in a dispute over a lease agreement case by entering summary judgment in favor of plaintiff because there were genuine issues of material fact concerning whether plaintiff

could have continued to operate its billboard in the absence of defendant's special use permit condition, for the takings claim, and for the § 1983 damages issue. The case was reversed and remanded.

Appeal by defendant from order entered 11 April 2011 by Judge Abraham Penn Jones in Wake County Superior Court. Heard in the Court of Appeals 26 April 2012.

*Wilson & Ratledge, PLLC, by Reginald B. Gillespie, Jr., for plaintiff.*

*Wyrick Robbins Yates & Ponton LLP, by K. Edward Greene, Charles George, and Tobias S. Hampson, for defendant.*

ELMORE, Judge.

The Town of Wake Forest (defendant or the Town) appeals from an order entering summary judgment in favor of MCC Outdoor, LLC d/b/a Fairway Outdoor Advertising (plaintiff). Because there are genuine issues of material fact, summary judgment was not appropriate for either party, and we reverse the order of the trial court and remand for further proceedings.

This case revolves around a billboard that was situated along Route 1 in Wake Forest for 45 years until its removal in 2008. Plaintiff acquired ownership of the billboard in 1978, through one of its predecessors. Although plaintiff owned the sign itself, it leased the land on which the sign was located. In 1996, The Mason Group (Mason) acquired the underlying property but continued to lease it to plaintiff. Plaintiff and Mason entered into a written lease agreement on 11 September 1997. Under the terms of the lease, Mason leased the property necessary to maintain the billboard and agreed to the following lease term:

This Lease shall be for a term of (1) years beginning on August 1, 1997, with the right to the Lessee [plaintiff] to extend this Lease from year to year upon the same terms and conditions. This Lease shall automatically renew itself from year to year after the term hereof. The total of such extensions is not to exceed 10 years, unless it is terminated by Lessee at the end of the original term or any annual extension period by mailing written notice to the Lessor [Mason] not less than thirty (30) days prior to the end of such term or extension period.

MCC OUTDOOR, LLC v. THE TOWN OF WAKE FOREST

[222 N.C. App. 70 (2012)]

On 29 September 2005, plaintiff contacted Mason about purchasing a permanent easement for its billboard to "insure the life of [its] business by protecting [its] signs, while at the same time providing a windfall lump sum payment to [its] Lessors." More than a year later, on 17 October 2006, Mason responded, explaining that it had entered into a purchase contract with Regency Realty Group, Inc. (Regency), and thus no longer had any authority to negotiate a permanent easement agreement. In that letter, Mason also noted that the billboard would have to be removed:

> Also, it is my understanding from the land planner that the billboard is currently "grandfathered" but will be required to be removed by the City of Wake Forest as a condition of site plan approval for a shopping center. It is my further understanding that the billboard would be located in a buffer zone and therefore, not permitted.

Before acquiring the property in January 2008, WFC-Purnell, LLC (WFC), and its managing member, Regency, applied for and received a special use permit (SUP) from the Town to build a shopping center on the property. On 21 August 2007, the Town issued the SUP subject to several conditions, one of which was: "The existing billboard is to be removed as soon as possible with no new lease or lease extension allowed." On 15 October 2007, Regency notified plaintiff of this condition by letter:

> Regency received a Special Use Permit from the Town of Wake Forest which allows us to develop the property for our intended use. One of the conditions of issuance of the Special Use Permit is that "The existing billboard is to be removed as soon as possible with no new lease or lease extension allowed." Thus, if we close on the property, your lease expiration of July 31, 2008 will remain in effect.

WFC acquired the property on 11 January 2008, and Mason assigned its rights under the lease agreement to WFC. Pursuant to the lease agreement, WFC Vice President Chris Widmayer (Widmayer) sent plaintiff a notice that it had taken over as the lessor. In that letter, Widmayer again notified plaintiff that "your lease expiration of July 31, 2008 is in effect, and no new lease, nor lease extension, will be considered." He also explained that plaintiff's previous annual rent payment of $2,500.00 for the 2008 calendar year would be prorated for the seven-month period during which the lease would be in effect.

A 6 February 2008 letter from plaintiff's Director of Real Estate suggests that Regency and plaintiff had explored the possibility of keeping the billboard:

> Thank you for the time spent discussing Fairway's sign on US1 in Wake Forest and our desire to continue our leasing arrangement with Regency.

* * *

> We are currently awaiting notice that the Town has rescinded the removal requirement, or will allow us to relocate the sign from its current location.

* * *

> I look forward to talking with you again concerning this matter and finding a solution which will result in a win-win for us both.

Nevertheless, on 2 July 2008, Widmayer sent plaintiff another letter reaffirming the billboard's removal:

> Unless either (i) the items the items [*sic*] have been removed by September 15, 2008, or (ii) alternative arrangements for their removal have been mutually agreed between Lessor and Lessee, then lessor will assume that the items have been abandoned in place by Lessee, and shall thereafter become the property of the Landlord.

Plaintiff acceded to WFC's request and removed the billboard on 15 September 2008.

Plaintiff then sued the Town, alleging that it was entitled to just compensation for the removal of its sign, pursuant to N.C. Gen. Stat. § 136-131.1. It also alleged that the Town had effected a taking without paying just compensation and that plaintiff was also entitled to damages pursuant to 42 U.S.C. § 1983. Both parties moved for summary judgment and submitted affidavits in support of their motions. Following a hearing, the trial court entered summary judgment in favor of plaintiff.

In its order, the trial court concluded that plaintiff was entitled to summary judgment because there were no genuine issues as to any material fact and plaintiff was entitled to judgment as a matter of law because the Town had "caused" the removal of plaintiff's billboard by conditioning the SUP upon the billboard's removal. It also concluded that defendant had effected a taking without just compensation by denying plaintiff the economically viable use of its property and that

plaintiff was entitled to damages pursuant to § 1983. We reverse the order because the parties' affidavits raise genuine issues of material fact.

We review orders granting or denying summary judgment *de novo*. *Howerton v. Arai Helmet, Ltd.*, 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004). Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56 (2011). "The trial court may not resolve issues of fact and must deny the motion if there is a genuine issue as to any material fact. Moreover, 'all inferences of fact . . . must be drawn against the movant and in favor of the party opposing the motion.' " *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007) (citations omitted).

The state statute at issue, N.C. Gen. Stat. § 136-131.1, states in relevant part:

> No municipality . . . shall, without the payment of just compensation in accordance with the provisions that are applicable to the Department of Transportation as provided in paragraphs 2, 3, and 4 of G.S. 136-131, remove or *cause to be removed* any outdoor advertising adjacent to a highway on the National System of Interstate and Defense Highways or a highway on the Federal-aid Primary Highway System for which there is in effect a valid permit issued by the Department of Transportation pursuant to the provisions of Article 11 of Chapter 136 of the General Statutes and regulations promulgated pursuant thereto.

N.C. Gen. Stat. § 136-131.1 (2011) (emphasis added). Here, it is undisputed that plaintiff held a valid permit for the billboard; the only question is whether the Town caused the sign to be removed.

The trial court based its conclusion that the Town had caused the sign to be removed on plaintiff's evidence that the only reason that WFC did not enter into a new lease agreement or a lease extension was because defendant's SUP forbade it. Plaintiff's evidence, particularly the affidavit of Paul G. Hickman, supports this factual finding and the conclusion. However, defendant's evidence does not; instead, defendant's evidence shows that WFC would not have allowed the billboard to remain, even absent the SUP condition: Chris Widmayer, in his affidavit, stated that WFC had informed defendant that it "had no intention of entering into a long-term lease with Fairway Outdoor

Advertising after the lease with the Mason Group was to expire on or about July 31, 2008." Moreover, Widmayer explained that WFC

> would not have acquired the Property from the Mason Group if it had been legally obligated to allow the billboard to remain on the Property for some extended period of time, or alternatively would have negotiated a buy-out of a long term billboard lease had such a long-term lease been in existence, as the continued presence of the billboard on the Property was inconsistent with WFC-Purnell's long-term plans to develop a shopping center on the property.

Thus, defendant's evidence is in conflict with plaintiff's as to a genuine issue of material fact—whether plaintiff could have continued to operate its billboard in the absence of defendant's SUP condition. Accordingly, summary judgment was not appropriate for either party on this issue.

This issue of material fact is also central to the takings claim and the § 1983 damages issue, and thus summary judgment was not appropriate for either party on those matters either.

We reverse the order of the trial court and remand for further proceedings.

Reversed.

Judges GEER and THIGPEN concur.